## HALLHEIMER v. UNITED STATES FIDELITY & GUARANTY CO.

(Supreme Court, Appellate Term, First Department.    February 15, 1916.)

PLEADING ☞356—STRIKING AMENDED ANSWER—DELAY.

An amended answer, that raises new issues based upon information received and communicated by the defendant to her attorney on the day of the preparation and filing of such answer, and which, if proven, will constitute a bar to plaintiff's claim, does not show that it was filed for delay, so as to justify its striking, under Code Civ. Proc. § 542, providing that amended pleadings may be stricken, if made for delay, and which, if allowed, would deprive the adverse party of the benefit of the term.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1111–1119; Dec. Dig. ☞356.]

Appeal from City Court of New York, Special Term.

Action by Julius Hallheimer, as receiver of the property of Florence Stahl Bash, against the United States Fidelity & Guaranty Company. From an order granting plaintiff's motion to strike an amended answer, defendant appeals. Reversed, and motion denied.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Leonidas Dennis, of New York City (Parke L. Woodward, of New York City, of counsel), for appellant.

Merrill, Von Dorn & Rubinger, of New York City (Edwin S. Merrill, of New York City, of counsel), for respondent.

DELEHANTY, J.    This appeal involves a question of pleading and practice. The action is against the surety on the bond of a general guardian to recover, up to the amount of said bond, payments directed to be made by said guardian to his ward, of whose property this plaintiff has been duly appointed receiver. The case duly reached the day calendar of the City Court, and was called for trial on the very day when defendant was entitled as a matter of right to serve an amended answer. At that time defendant's counsel stated to the court that he wanted an adjournment as he intended to serve such a pleading. The court marked the case "Ready" and passed it for the day. On that day the amended pleading was duly served, and upon the call of the calendar the following morning defendant moved the court to strike the case from the calendar, on the ground that the amended answer raised new issues, and therefore the case was improperly on the calendar. The court thereupon directed plaintiff's attorney to pre-

pare and serve an order to show cause, returnable at 2 p. m. that day, why the amended pleading should not be stricken out, on the ground that it was served for delay only. Upon the return of such order, so served, the motion to strike out was granted, and from the order entered thereon this appeal is taken.

By section 542 of the Code of Civil Procedure defendant had an absolute right to serve his amended pleading at the time when he did, assuming, of course, that it was served without intending to delay the trial of the action, and that plaintiff would not thereby lose the benefit of the term at which he might try the same. But that section also provides that:

"If it is made to appear to the court that the pleading was amended for the purpose of delay  *  *  *  the amended pleading may be stricken out."

It is evident, therefore, that the only question we are called upon to consider is whether the learned justice was right in holding that the amended answer was served for the purpose of delay, and that its effect would be to cause plaintiff to lose the opportunity to try his case at the term for which it was noticed. From the papers it appears that the amended pleading raised entirely new issues, namely, a release of all claims by the ward against her guardian; that the basis of such claim was information received from said ward on the day it was embodied in the amended answer, and not known to defendant or its attorney prior thereto. It does seem that these facts warranted this pleading being stamped as a bona fide one, especially as the new matter pleaded, if proven, will constitute a bar to plaintiff's claim.

I conclude that the order to strike out was erroneously granted, and should therefore be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.